S. Haviland, by *her next friend,* &c. *against* Bloom and
Myers.

The wife's equity to a suitable provision for the maintenance of her-
self and her children, out of her separate real and personal estate,
descended or devised to her during coverture, cannot be defeated
by any sale by the husband, or any *lien* created by him, even for
a valuable consideration, or in payment of a just debt: and this
equity may be extended to the whole of the real and personal estate
devised or descended to the wife.

As, where, on a bill filed by the wife against her husband for
a divorce, on the ground of cruel and inhuman treatment,
there was a decree for a divorce, *a mensa et thoro;* and
the whole of the real and personal estate inherited by the wife
from her father, the annual income of which was about one
hundred dollars, was ordered to be applied to the mainte-
nance and support of herself and children; and certain creditors
of the husband, who had obtained judgments against him prior
to the decree, afterwards issued executions, and caused them to
be levied on the wife's estate; the Court, on a bill filed by the
wife, by her next friend, decreed a perpetual injunction against
such judgment creditors of the husband, for the protection of her
right against the judgments and executions.

And as the defendants knew of the decree when they directed exe-
cutions to be issued, they were ordered to pay costs to the plain-
tiff.

*July 1st.* THE plaintiff was divorced, *a mensa et thoro,* on a
bill filed (*May* 27, 1816) by her against her husband, on
the ground of cruel and inhuman treatment; and the de-
cree directed that the plaintiff should hold and enjoy all
the estate, real and personal, which she inherited from her
father, or which she earned after her husband had aban-
doned her, and that she should have the custody of the chil-
dren of the marriage; and that *Elijah H.,* the husband,
should be perpetually enjoined from any action at law to
recover the said estate, &c. The bill, after reciting the
proceedings and decree as to the divorce, stated, that the

defendants having obtained judgments at law against *Elijah*
*H.*, had issued executions, and caused the same to be levied
upon the lands of the plaintiff, which the sheriff had adver-
tised for sale. *Prayer*, that the plaintiff may be protected in
the separate and undisturbed enjoyment of her real estate,
and from all *liens* created by *Elijah H.;* and that the de-
fendants may be restrained by injunction, &c.

The answer of the defendant, *Myers*, stated, that *E.
H.,* being indebted to him for rent, and money paid,
&c. to the amount of 750 dollars, gave him a ·judgment
bond, on which a judgment was entered up against *E. H.,*
on the 26th of *April*, 1816; that he did not then know
that the plaintiff intended to institute any proceedings
against *E. H.* for a divorce, and was wholly ignorant of
any facts to warrant them. He knew that the plaintiff in-
herited one sixth of her father's estate; and insisted that
*E. H.* was entitled to the plaintiff's personal property, and
to an interest for life in her real estate, on which the judg-
ment was a *lien*, and ought to be first satisfied; that in
the summer of 1818, execution was issued on the judg-
ment, &c. The defendant, *George Bloom*, admitted the
original suit and decree for a divorce, and that the injunc-
tion was served on him, as the attorney of *E. H.*, on the
3d of *June*, 1816. That on the 1st of *April*, 1816, *E.
H.* requested him to bring ejectment suits, to recover
possession of the real property inherited by the plaintiff;
and to secure the costs, *E. H.* gave the defendant, *B.*, a
judgment bond, dated *April* 17, 1816, for 300 dollars,
which was supposed to be sufficient to cover the costs in
the suits contemplated; that he, accordingly, commenced
five ejectment suits, on the 6th of *May*, 1816, being sa-
tisfied of the justice and legality of the claims of *E. H.*
And he insisted that he was entitled to hold the judgment
for the satisfaction of his costs, amounting to 176 dollars,
and 90 cents; that he issued execution on the judgment
the 12th of *June*, 1819; not believing that the decree of

1822.

HAVILAND
v.
BLOOM.

this Court, on a bill for a divorce, had a retrospective operation, so as to defeat his lien; and that *E. H.* has no other property to satisfy what is due to him, &c. He admitted that he had knowledge of the decree for a divorce, though he could not say when, but did not suppose that it could impair his *lien*, created prior to the decree.

*J. Tallmadge,* for the plaintiff.

*Bloom,* for the defendants.

THE CHANCELLOR. The decree recited in the bill, pronounced a divorce, *a mensa et thoro,* between the plaintiff and her husband, *Elijah Haviland,* and directed that she should hold and enjoy all the real and personal estate which she had inherited from her father, *Samuel Turner,* and that her husband should be perpetually enjoined from any action or proceeding to recover it. This decree was known to each of the defendants, before they caused executions, on judgments against *Haviland,* to be issued and levied on that estate. This is understood to be a fact admitted by their answers; and the defendants insist that they have a right to satisfy their executions out of that property, because their judgments were prior to the decree. On the question of right, the defendants are evidently in error. The wife's equity to a suitable provision for the maintenance of herself and her children, out of *her separate real and personal estate,* descended or devised to her during coverture, is good and valid. It prevails equally against the husband, or any assignee of his, or any sale made, *or lien created by him,* even for a valuable consideration, or in payment of a just debt; and whether the suit, in protection of that equity, be instituted by the wife, or by any other person on her behalf. A suit to protect that equity, may be instituted by the wife against a creditor at law, and this equity, if the case be deemed

to require it, may be extended *to the whole* of the real
and personal estate, devised or descended to the wife. It
is unnecessary to enter into an examination of cases to
prove and illustrate this doctrine of the Court, as the rule
was sufficiently explained and declared in the case of
*Kenney* v. *Udall*, (5 *Johns. Ch. Rep.* 464.)

The whole real and personal estate, inherited by the
plaintiff in this case, and which was appropriated, by the
decree, for her use, and the maintenance and education of
the two children committed to her charge, amounted in
value to about $2,200, and the annual income of which
did not exceed $100. Under the circumstances of that
case, and the distress which she had endured, and which
the vices of her husband had greatly aggravated and pro-
tracted, the appropriation of the whole of that paternal
inheritance was evidently due to the occasion. And if the
judgments confessed by the husband to these defendants,
had been for full and valuable considerations, their as-
sumed right to levy the amount of their judgments, upon
the property so applied, and in face of the decree, would
have been equally destitute of foundation.

But the testimony has clearly contradicted the answer of
*Myers*, in respect to a part of the consideration of his
judgment; and the circumstances under which that judg-
ment was confessed by *Haviland*, and evidently with a re-
ference to the paternal estate of his wife, are calculated
to cast a suspicion upon the whole of it, especially as no
part of the consideration is attempted to be supported by
proof. And with respect to the judgment of *Bloom*, it
has no better pretensions to be regarded. It was obtained
by way of indemnity for costs, *thereafter* to be incurred
in ejectment and other suits, to be instituted in the name
of *Haviland*, for the recovery of this very property of
his wife, whom he had cruelly treated in the early years of
their union; and had, for the twelve years preceding the judg-
ment, shamefully and heartlessly abandoned. There ought

1822.

HAVILAND
v.
BLOOM.

1822.
HAVILAND
v.
BLOOM.

to have been an assessment of damages under that judg-ment of indemnity, before the defendant, *B.*, issued exe-cution; and the costs incurred ought, at least, to have been regularly taxed.   These are not demands, therefore, that would have been entitled to favour without further exami-nation, even if the validity of the lien upon the property in question, of prior judgments confessed by the husband, was to be admitted.

The claim to protection against those judgments, does not, however, rest upon the mere equity of the wife to a suitable provision out of her separate estate, notwithstand-ing the claim of the husband, or of any right or lien created by him.   That right, as we have seen, is, of itself, sufficient to bar the pretensions of the defendants, without any previous decree appropriating the property to the use of the wife.   In this case, however, the wife obtained a decree for a divorce from bed and board, and the Court, in such case, is directed by the *statute authorizing di-vorces*, (2 *N. R. L.* 200.) to make orders for the suitable support and maintenance of her and her children, out of his property, and to sequester the rents and profits of his real estate and personal estate, and apply the same for that purpose, so far as should seem meet and agreeable to equity and good conscience.   The appropriation of her own estate by that decree, was no more than a just and suitable sequestration, under the authority of the statute, of his limited interest in that estate; and in every view of the subject, I entertain no doubt that her estate in question ought to be protected from the judgments and executions of the defendants.

The plaintiff is also entitled to her costs of this suit. Had these defendants been strangers to the decree, and creditors with fair and unexceptionable demands, they might have presented a case that would have entitled them to be relieved from the payment of costs; but it is far otherwise.   They knew of the decree when they is-

sued their executions, and they issued them in despite of that decree, and with intent to defeat the settlement under it, of the wife's estate upon her. They have compelled the plaintiff to resort to this Court for the protection of her rights, against judgments voluntarily confessed to them by *Haviland,* and doubtless with a view, not only on his part, but on their parts also, of seizing and selling this very estate inherited by the wife, and at that time in her separate possession.

I shall, accordingly, decree a perpetual injunction against touching the estate in question, under the judgments aforesaid ; and I shall, also, decree that the defendants pay to the plaintiff her costs.

Decree accordingly.