### Fry, by her next friend, *vs.* Fry and others.

Where a husband has obtained a conveyance to himself of his wife's estate, through the medium of a third person, by taking an undue and unconscientious advantage of her ignorance of her legal and equitable rights, and of her imbecility of mind and of her confidence in his representations, the conveyance will be set aside by the court of chancery, upon a bill filed for that purpose.

The court of chancery, upon the application of the wife, may restrain the husband from proceeding at law to obtain the possession of a legacy, or a portion in personal estate which came to her by will or inheritance, until he makes a proper provision for her support. But the court will not allow a maintenance to the wife out of property which at law belongs to the husband by virtue of his marital rights, although she has an equity therein, while she is living separate and apart from her husband against his consent and without any justifiable cause.

THIS was an appeal from the decision of a vice chancel- April 2. lor denying an application on the part of the defendant Fry, the husband of the complainant, to dissolve the injunction in this cause, upon the bill and answer.

1839.

Fry
v.
Fry.

*H. F. Clark*, for the complainant.

*B. Haight*, for the defendant Fry.

THE CHANCELLOR. The bill in this case is not properly framed to annul the marriage, even if the averments therein were sufficient to induce the court to believe that the complainant was incompetent to enter into a marriage contract. The fact that although she is now only of the age of twenty-four she has been for several years so corpulent as to weigh nearly three hundred pounds, is a circumstance from which it probably may be inferred that she would not readily have obtained a husband without a corresponding weight of purse. But clearly this is not a case of incurable impotence which could render the marriage void on that ground. Besides ; it appears from the bill itself that the marriage has been consummated. And if the complainant had sufficient mental capacity so swear to this bill, for the purpose of obtaining an injunction on her own oath only, the marriage could not be a nullity on the ground that she was an idiot, or a woman of an imbecile and unsound mind. The allegation that she is of unsound mind, and so imbecile as to be incapable of understanding her rights or of making a valid contract of marriage, without the assistance and advice of others, is also contradicted by the fact, which also appears from the bill, that her father by his will contemplated the event of her marriage, and gave her a legacy of $3000 to be paid in six months thereafter ; and by the fact that her mother, only ten months before the marriage, named the complainant as an executrix of her will.

Independent of the defendant's answer, therefore, it is evident that the complainant has been induced to swear to a degree of physical and mental incapacity which does not in fact exist. And if the answer is true, very unjustifiable means have been resorted to for the purpose of depriving the defendant Fry of his wife, against the wishes if not against the interests of both. This marriage being valid, and the husband having done nothing that could justify a dissolution of the marriage contract, or which could even au-

thorize a separation, he is entitled to the rents and profits of her real estate during their joint lives; whether the conveyance of that estate to him, through the medium of the defendant Luff, is or is not set aside as improperly obtained. And the injunction, so far as it restrains the husband from collecting the rents and profits, to which he is legally entitled by the marriage, should have been dissolved. (*Van Duzer* v. *Van Duzer*, 6 *Paige's Rep.* 366.) I am not, however, satisfied, even from the defendant's own statement of the case, that he has not taken an improper advantage of his wife's ignorance of her rights, and of her confidence in him, to obtain a conveyance from her which, in case of his death, would leave her entirely destitute of a support out of her own property during the residue of her life. The real estate, in case of his death, as it is now situated, would go to his heirs, to her exclusion, except as to her right of dower therein. Her personal estate also, if he is permitted to recover it of the executors, may be disposed of by his will so that no part of it will come to her. Such a state of things certainly could not have been contemplated by her; and perhaps it was not thought of by him when he induced her to join in the conveyance, for the purpose of giving to him the reversion of the property in case of her death without issue. I think, therefore, that the deed should not be permitted to stand to that extent; and that he should not be allowed to recover the whole of her personal estate, from the executors, until a suitable provision is made for her support during life, and for her issue if she should have any.

The power of this court, upon the application of the wife, to restrain the husband from proceeding at law to obtain the possession of a legacy, or a portion in personal estate which comes to her by will or inheritance, until he has made a proper provision for her support, appears now to be placed beyond any reasonable doubt. (2 *Kent's Com.* 139. 2 *Story's Eq.* 641, § 1414.) But this court does not encourage a breach of duty on the part of the wife, by affording her a maintenance out of the property which belongs to the husband at law, by virtue of his marital rights, although it came to her by descent or gift from her own relatives, while

1839.

Fry
v.
Fry.

she continues to reside apart from her husband against his consent, and without any justifiable cause. No provision, therefore, can be made in this case for the present support of the complainant, either out of the personal estate or out of the rents and profits of the real estate, while the husband is willing to receive her under his own roof and to support and treat her as his wife.

The order appealed from, so far as it restrains the appellant from using the personal estate which he has reduced to possession, or from collecting the rents and profits of the real estate, or from selling or incumbering his life interest therein during the continuance of her life, (which interest was absolutely vested in him by the marriage,) must be reversed; and the injunction is dissolved to that extent. But the injunction, so far as it restrains him from selling or incumbering any interest which he has acquired under the deed of his wife to Luff, and so far also as it restrains him from reducing to his possession any more of the personal estate of his wife which came to her from her parents or either of them, or restrains the executors from paying the same to him, must be continued until the further order of the court; or until he shall make such a suitable provision for the future support of his wife, and of her issue if she should have any, as the vice chancellor may deem reasonable and think proper to direct.

Neither party is to have costs as against the other on this appeal; and the proceedings are to be remitted to the vice chancellor.