SHAW (LOWBER v.). See Case No. 8,563.

---

## Case No. 12,722.

### SHAW v. MITCHELL.

[2 Ware (Dav. 216) 220; [1] 5 Law Rep. 453.]

District Court, D. Maine. Oct. Term, 1843.

HUSBAND AND WIFE — RIGHT OF HUSBAND TO WIFE'S CHOSES IN ACTION—POSSESSION—EQUITY—BANKRUPTCY—SETTLEMENT.

1. A husband has only a qualified interest in choses in action belonging to the wife. He has, at common law, the right to make it absolute by reducing them to possession.

2. But if he is obliged to seek the aid of a court of equity for the purpose of obtaining possession, it will be given only upon the condition that a suitable settlement out of the property be made for the benefit of the wife.

3. Where property descended to the wife of a bankrupt before a decree of bankruptcy, and at that time he had not reduced it into possession, it was *held* that the wife was, in equity, entitled to an allowance out of the property, for her support, against the assignee of the bankrupt.

This was a petition by Jane Shaw, wife of Alpheus Shaw, who was decreed a bankrupt March 2, 1842, praying that certain notes, which had descended to her from her father,

---

[1] [Reported by Edward H. Daveis, Esq.]

and which were included in the schedule of the bankrupt's property annexed to his petition and delivered to his assignee [Nathaniel Mitchell], may be re-delivered to the administrator of her father's estate, in order that the same may be administered by him and distributed to her as her distributive portion of her father's estate. [The petition was filed by Mrs. Shaw's next friend, S. J. Smith.] The following are the material facts: Mr. Doughty, the father of Mrs. Shaw, died Sept. 4, 1838, leaving four children, and certain notes, secured by mortgage, which was all the property that descended. Mr. Shaw was regularly appointed administrator Dec. 4, 1838. The notes in question came into his hands as administrator, and so remained, nothing having been paid upon them, until the decree of bankruptcy and the appointment of an assignee. They were included in the schedule of his property and delivered to his assignee. No distribution has been made of the estate by the administrator, and no account has been settled at the probate court, but the notes still remain due and unpaid. Mr. Shaw has also filed a petition, that the assignee may be ordered to relinquish the notes and restore them to him in his quality of administrator, to be administered and distributed according to law, and for the payment of the debts of the deceased, if necessary for that purpose. Notice of the petition was acknowledged by the assignee, and the case is submitted to the court on the facts stated in the petitions, which are not controverted.

WARE, District Judge. This case has been submitted on the facts disclosed in the petitions of Mrs. Shaw and the bankrupt, which are admitted to be true, for the purpose of having the rights of the assignee and the petitioner determined by the court.

By the common law, marriage amounts to an absolute gift to the husband of all the personal goods and chattels of the wife, of which she is in possession, at the time of the marriage, in her own right, and also of all that may accrue to her during the marriage. With respect to such of the wife's personal property as is not in possession, as debts due to her by contract, or money coming to her by inheritance, these do not pass to the husband as an absolute gift. 2 Story, Eq. Jur. § 1402. Such choses in action are a qualified gift. He has a right to sue for and recover them, but they do not become absolutely his until he has reduced them into his possession. And the same principle applies, whether they belong to her at the time of marriage, or accrue to her during coverture. A legacy, or a distributive share of an inheritance, accrues to her, it is true, for the benefit of her husband, but these do not become at once incorporated into the general mass of his property without distinction. They bear an ear-mark, if such an expression may be allowed, by which they are discriminated from his other property; and if he dies without reducing them into his possession, they do not go to his administrator, but survive to the wife, and she is entitled to them against the personal representative of the husband. And the choses in action of the wife, as debts due to her, or stock standing in her name, are not reduced into the husband's possession so as to exclude the wife's title by survivorship, merely by the notes or certificates, that is, the evidences of property coming into his hands. Wildman v. Wildman, 9 Ves. 174. The debts due to the wife are not reduced to the legal possession of the husband until the money is paid, or, having the present power to reduce them into possession, he has assigned them for a valuable consideration. Purdew v. Jackson, 1 Russ. 56; Honner v. Morton, 3 Russ. 65. A judgment in the lifetime of the husband, it seems, is not sufficient, at least unless the suit was in the name of the husband alone. 2 Story, Eq. Jur. § 1405; 2 Kent, Comm. 137. If he dies in the lifetime of the wife before this is done, her choses in action will survive to her and not go to his personal representative. But although the husband has only a qualified interest in his wife's choses in action, he has always the power of making that absolute by a reduction of them into his actual possession; nor does the common law furnish the wife any means of preventing the husband from so reducing them into his possession as wholly to extinguish her separate interest. But courts of equity have long been in the habit of interposing to protect the interest of the wife. Whenever the husband is obliged to seek the aid of a court of equity to obtain possession of the wife's property, the court will give its aid only on the condition, that the husband settle part of the property on the wife, to be held for her benefit, independent of the husband and his creditors. This right of the wife to a reasonable provision out of her own property, for the support of herself and her children, is called the wife's equity. The general principle, on which the court interposes in her favor, is said to be, that he who seeks equity shall do equity; and the present disposition of courts seems to be rather to enlarge than curtail the beneficial operation of the rule in favor of married women. This is the established rule in all cases where the husband himself, or his general assignee, for the payment of debts, or under insolvent laws, or in bankruptcy, is obliged to have recourse to a court of equity to obtain possession of the wife's personal property. Ordinarily, it is said, that courts of equity will not interfere to control the husband when using the common remedies of the law to obtain the possession of such property. But it is admitted that this rule is subject to some exceptions. Where a legacy to a wife is sued for in the ecclesiastical courts, it is settled that an injunction will be allowed to enforce the equity of the wife.

2 Story, Eq. Jur. § 1403. And for the same reason it has been said, that a suit at law, for a legacy, or a distributive share of an inheritance which has descended to a married woman, ought to be restrained, because such rights of action are of an equitable nature and of equitable cognizance. 2 Kent, Comm. (4th Ed.) 140; Haviland v. Bloom, 6 Johns. Ch. 178. Indeed, upon the ground on which courts of equity interfere at all, that is, that it is equitable that the wife should have a support secured to her out of her own property and placed beyond the reach of the husband and his creditors, it is not easy to perceive what just and reasonable distinction can be made between her legal and equitable rights of action. And it has been suggested by high authority that no such distinction ought to be allowed, but that the court ought, on the principles of justice, to restrain the husband from availing himself of any means at law, or in equity, from possessing himself of his wife's property in action, except on the condition of making a competent provision for her. 2 Kent, Comm. 139; Story, Eq. Jur. § 1403, note.

From this view of the law, it appears to me that the wife would be entitled to her equity out of this property against her husband. It is property which has descended to her by inheritance. It has never by the husband been reduced to possession, but was, at the time of the bankruptcy, in the hands of the administrator of the estate of her deceased father. It makes no difference that the husband, in this case, was the administrator. For he holds this property, not in his personal, but in his representative character, and, like every other administrator, is bound to account for it to those who are legally or equitably entitled to it. The case has occurred in which the wife's equity attaches in all its strength, the husband having, by bankruptcy, been deprived of the means of supporting his wife and her children. It is property, as observed by Chancellor Kent, of an equitable nature and of equitable jurisdiction. If the husband had died after the bankruptcy, it is clearly settled that the wife would have been entitled to the whole fund by survivorship. Pierce v. Thornely, 2 Sim. 167. The case appears to me to fall within the general principles on which this jurisdiction is exercised by courts of equity. And as this court, sitting in bankruptcy, has all the powers of a court of general equity jurisdiction, it has the authority to allow the claim of the petitioner. If it would be allowed against the husband, it will be equally against his assignee. An assignment by operation of law in bankruptcy, passes the property in the same plight and condition as it was possessed by the bankrupt himself, and subject to all the equities that affected it in his hands. 2 Story, Eq. Jur. § 1411; Mitford v. Mitford, 9 Ves. 100. What proportion of the property ought to be allowed to the wife, is a proper subject of inquiry before a master, and a reference to a master will be made for that purpose.