Shaw, C. J.
This case is set down for hearing on bill and answer, and there appears to be no controversy about the facts. The bill is irregular and defective in many respects; and before any decree can be made, it will be necessary to amend it by making other parties, and in some other respects; but at present, the court will confine its attention to certain questions, embracing, as it is intimated, the merits of the case.
The first question is, whether the respondent, as the assignee of Pynson Blake, an insolvent debtor under the sta ute of 1838, *541 by lorce of the assignment of the debtor’s property to him, and by the operation of law, acquired an interest in the distributive share of the estate of his brother Henry Blake, deceased, which he could and ought to claim, in behalf of the creditors. It is admitted that Henry Blake, brother of the insolvent, died intestate, without issue, and that Pynson Blake, the insolvent, was his brother, and one of his heirs at law. By the statute of distributions, the right to a distributive share in an intestate estate vests in the heir at law immediately on the death of the intestate, and in case of his decease before a decree of distribution, it goes to his persona] representative. Hayward v. Hayward, 20 Pick. 517. The right to the distributive share is a vested interest, and although the settlement of the estate be delayed, and a decree of distribution postponed, yet the decree of distri bution, when made, relates back to the time of the decease ol the intestate, and apportions the estate to the persons then en titled, or their representatives. The decree does not found the right, but judicially ascertains the heir, the whole amount to be distributed, and the amount of the distributive share of each. This distributive share, therefore, though its amount was uncertain, and the time of payment contingent, was a vested property of the insolvent, at the time of the decease of his brother Henry.
It further appears, that the brother was living at the time of the application of the insolvent to the judge of probate, but died before the first publication of the notice issued on that ap plication. It is provided by the insolvent law, St. 1838, c. 163 § 5, that the assignment shall vest in the assignee all the property of the debtor, held at the time of the first publication of the notice of issuing the warrant. And it has been held that, by force of this clause, the property, vested in the debtor at the time of the first actual publication by advertisement, in a newspaper, passes to the assignee. Clarke v. Minot, 4 Met. 346. It is manifest, therefore, that the distributive share in question did vest in the debtor, before the first publication of notice, and therefore did pass, by the assignment, to the assignee, and he was bound to claim it for the use of the creditors.
*542 Nor is there any ground to maintain that one of the administrators had a private debt of his own against the heir, which he could set off against this distributive share. It has been held that a debt, due from the distributee to the intestate, cannot be set off against the distributive share of the heir. Procter v. Newhall, 17 Mass. 93. Hancock v. Hubbard, 19 Pick. 167. A fortiori, cannot a private debt, due to one of the administra tors, in his own right, be so set off. It would be very strange, if one creditor, by obtaining administration upon the estate of his debtor, could secure his whole claim by way of set-off, and thus defeat the equally legal and equitable claims of other creditors. Rev. Sts. c. 96, §15.
Another reason assigned for not claiming the distributive share, was, that the assignee might have been under the necessity of giving bond to refund, on certain contingencies, the whole or a part of the amount received. This certainly is no reason why the claim should not be asserted and established, the amount to be received when by law it shall become payable ; or, if the assignee is obliged to give such bond, then, unless the creditors would themselves furnish the necessary indemnity to the administrator, the assignee might be made vsafe by leaving the money in his hands, until such liability to refund should cease. Such a remote contingency, as a liability to give bond, on payment of the distributive share, a liability which, if it should accrue, might be guarded against in various ways, cannot excuse the assignee from performing his official duty to get in the assets of the estate.
The other material question is, whether the assignee had a right, and whether, in the proper discharge of his duty as as-signee, he ought to have asserted his right, to the notes and securities, which are claimed as the choses in action of the wife of the insolvent.
It is undoubtedly the policy and the legal effect of the insolvent law, to transfer to the assignee, for the benefit of creditors, all the property of the debtor, and all the rights and interests which he could properly transfer, by his own act; and the extent of this assignment is very broad and comprehensive *543 Gray v. Bennett, 3 Met. 522. And the English bankrupt laws, which are nearly in the same terms, recognize the right of the assignee to possess himself of the' choses in action and other property of the bankrupt’s wife. But the purpose of the law is, to transfer the rights of the debtor, in the same plight which they were in, in the hands of the debtor himself, subject in a.l respects to the same liens, incumbrances and equities. But it seems to be a well settled rule, that the property of the husband in the rights and choses in action of the wife is not absolute and unlimited. Gassett v. Grout, 4 Met. 486. The husband may reduce the wife’s choses in action to possession, and assign the same to his creditors; but ordinarily he is not compellable to do so, and if he does it, and they require the aid of a court ol justice, it will not be granted unless a suitable provision be made out of it for the wife. And this is an equity which courts will uphold in all cases where the husband, his creditors, or his assignees have occasion to come into court to obtain possession of the property, and wherever a court of equity can, in any form, exercise jurisdiction over the subject. Mitford v. Mitford, 9 Ves. 97. Pierce v. Thornely, 2 Simons, 167. Purdew v. Jackson, 1 Russell, 1, 70. Honner v. Morton, 3 Russell, 65. And where the law vests in its courts a general chancery jurisdiction, either over all subjects, or over a class of subjects, embracing the consideration of the relative rights of the assignee of an insolvent and third persons, such equity of the wife will be maintained, as well on a bill or petition filed on the part of the wife, as on a proceeding instituted by the creditors or assignee of the husband. Kenny v. Udall, 5 Johns. Ch. 464. S. C. 3 Cow. 599. Haviland v. Bloom, 6 Johns. Ch. 178. In this case, there is no want of jurisdiction, because all the property of the insolvent, and all the claims to property by the assignee, are by the statute placed under the superintendence and jurisdiction of this court, as a court of chancery; and this power is to be exercised by this court, in all cases not otherwise specially provided for, upon the bill, petition or other proper process of any party aggrieved by any proceedings under the act; and the *544 court are to hear and determine such case, as a court of chancery, and make such order or decree therein, as law and justice shall require. St. 1838, c. 163, § 18. See Van Duzer v. Van Duzer, 6 Paige, 366. Fry v. Fry, 7 Paige, 461.
It is therefore, we think, competent for the wife of an insolvent debtor, the settlement of whose estate is proceeding under the St. of 1838, either whilst the assignee is seeking to reduce the chose in action of the wife to possession, or after obtaining payment of the money, acting in his official capacity, under the legal authority conferred on him for that purpose, by the statute, at any time before distribution, to apply to this court by bill or petition, for a suitable provision to be made for her, out of the proceeds of such choses in action; and that it is competent for the court, and consistent with the requirements of law and justice, conformably to which, as a court of chancery, they are bound by the statute to act, to direct such provision to be made. The amount of such provision must depend upon circumstances, amongst which the amount of the property, the age. health and condition of the wife, the number, age, sex and health of her children, if any, would be fit subjects of consideration. In this respect, in a case directly before the court, it would be proper for the court to avail itself of the aid of a master, to inquire into and report the circumstances, and to report what would be a suitable provision for the wife. Cases may be supposed, in which, if the property were small, and had been kept entirely distinct from that of the husband, and where the exigences of the family were such as to require it, it would be proper to appropriate the whole of such property to the use of the wife and her children.
This claim of the equitable interest of the wife, where a chose in action of the wife is claimed by a creditor or by an assignee, for the benefit of creditors, however well established by the authority of English and New York cases, is supposed to be contrary to those decisions in Massachusetts, in which it has been held, that the legacy or distributive share of the wife may be attached to secure a debt of the husband. Holbrook v *545 Waters, 19 Pick. 354. Wheeler v. Bowen, 20 Pick. 563. But it is to be considered, that these were decisions in proceedings at law, strictly, where the right of attachment was considered as given to the creditor by statute, and where, therefore, there could be no apportionment. The attachment must be valid for the whole or nothing; and principles of equity would not be applied. Supposing those decisions correct, as far as they go, they are not to be extended by construction, so as to apply to a case in which the court has full equity jurisdiction. In a recent case, in which it appeared that the interest of the wife was not liable, by the terms of the statute, to be attached by a trustee process, the equitable rights of the wife, when in competition with the claims of the creditors of the husband, were recognized and maintained. Gassett v. Grout, 4 Met. 486. And the general doctrine of the wife’s equity, arising out of the legal right of survivorship, has been recognized as the law of the Commonwealth, in a case in which it was also decided, that the mere assignment of a wife’s chose in action by the husband, even for a valuable consideration, is not such a reduction to possession, as to take away the wife’s right of survivorship, and consequent equitable interest. Page v. Estes, 19 Pick. 269. The court are therefore of opinion, that it was the duty of the assignee to claim the promissory notes, mentioned in the bill and answer, although they were the choses in action of the wife, never reduced to possession by the insolvent; though this last claim was subordinate to the equitable right of the wife to have a reasonable provision out of the proceeds, before distribution.