1837.

Van Duzer
v.
Van Duzer.

## VAN DUZER vs. VAN DUZER and others.

Where the husband has violated the marriage contract, or has been guilty of an act which entitles the wife to a decree for a divorce, or a separation, and for alimony, she is in equity entitled to a restoration of the property which the husband holds by virtue of his marital rights. And the court of chancery, upon the bill of the wife filed for the purpose of obtaining a divorce or separation, will not only protect her right to such property as against the husband himself, but also as against judgment creditors, and others who do not stand in the situation of bona fide purchasers without notice of her equitable rights and of her intention to enforce them by a suit for a divorce or separation.

So where the husband has married a ward in chancery without the consent of the court or of her legal guardian, the court, upon the ground of the husband's contempt, has jurisdiction to interfere, upon the application of the friends of the infant wife even without her consent, to restrain the husband and his creditors from intermeddling with her estate until a proper settlement is made for the support of the wife and of the issue of the marriage.

But where the husband has been guilty neither of a contempt in acquiring the legal title to his wife's property, nor of such misconduct as entitles her to a divorce or a decree for a separation from bed and board, the court of chancery cannot, upon the application of the wife, interfere with the husband's legal title as tenant by the curtesy initiate in his wife's property, so as to place it beyond his reach or the reach of his creditors and secure it for the support of the wife and her children.

The court of chancery will protect the wife's equity in the property which the husband acquires by the marriage, whenever the husband comes into that court as a party for the purpose of enforcing his claim to such property. And it seems the court may also protect her equity in personal property to which she is entitled by bequest or under the statute of distributions, or in her choses in action which the husband has not reduced to actual possession, even where the husband has a remedy at law to recover the property, and therefore does not ask the aid of the court of chancery to enforce his marital rights.

March 21. THIS was an application to dissolve an injunction upon bill and answer. The bill was filed against the husband of the complainant and two of his judgment creditors, to restrain the latter from selling the husband's interest, as tenant by the curtesy initiate, in the real estate of the wife which belonged to her before her marriage; the husband being insolvent and worthless, and neglecting to provide for her and her children. Several other matters were embraced in the bill which were not material to the decision

of the question as to the right of the judgment creditors to a dissolution of the injunction.

*M. T. Reynolds*, for the complainant.

*I. R. Van Duzer & H. G. Wisner*, for the defendants.

THE CHANCELLOR. The answer fully denies all the allegations in the bill impeaching the consideration of the judgment. Although the judgment creditors admit they had occasionally gambled with the husband of the complainant, and that it is impossible for them to say whether they have won more money from him than he has from them, yet they both explicitly swear, in their answer, that not one cent of the monies for which the judgment was obtained was won at gaming, or grew out of any gaming transactions. Neither do I think it competent for the wife, in such a case as this, to impeach the consideration of a judgment recovered against the husband, unless she can also satisfy the court that the judgment is the result of collusion, or of a conspiracy between her husband and mere nominal creditors to deprive her and her children of an equitable right to a provision for support out of her property. There is no doubt, however, as to the fact that the husband has ruined himself by gambling ; and that if his interest as tenant by the curtesy initiate in his wife's real estate is sold on the execution upon this judgment, his wife and her infant children will be left without any means of support during his life. The only question to be decided, therefore, upon the present application is, whether this court has any power to reach this life interest so as to preserve it for her support ; and thus to protect her and her helpless children against a vicious and improvident husband and his creditors.

If the wife has any equitable rights as against the husband himself, she is equally entitled to protection as against the lien of a judgment ; which cannot in this court be permitted to overreach a prior equitable claim upon the land, although at law it is a lien upon the legal estate of the hus-

band.   Had the husband, therefore, before the recovery of the judgments, been guilty of any act which entitled the wife to a decree for a divorce or a separation, and for a support for herself and children out of his estate, and had this bill been filed for that purpose also, I should have found no difficulty in giving effect to that prior equity against the general lien of the judgments, as well as against the acts of the husband himself.   In such cases this court considers the husband as having, by his misconduct and criminality, forfeited all equitable right to the wife's property which he acquired by virtue of the marriage, whether the same be in possession or in action.   And upon the ground that she is in equity entitled to a restoration of the property which he has forfeited by a wilful breach of the marriage contract, the court may, upon a dissolution or permanent suspension of the marriage contract, restore to the injured wife the whole of her property which has not already passed into the hands of bona fide purchasers.   Upon the ground also that her equitable claim relates back to the time of the commission of the offence which entitled her to a divorce or a suspension of the marital rights of the husband, the court may not only protect that equity against the husband himself but also against all others except bona fide purchasers, or those who have obtained a specific lien upon the property without notice of her equitable rights and that she intended to enforce them by a bill for a separation.   And a judgment creditor who has only a general lien, and which accrued subsequently to the husband's forfeiture of his marital rights, is not entitled to enforce it against this prior equity of the wife.

It was upon this principle, as I understand the facts in the case, that the late Chancellor Kent decreed a perpetual injunction against the creditors of the husband, in *Haviland* v. *Myers & Bloom*, (6 *John. Ch. Rep.* 25, 178.)   It is true the language of the court in that case would seem to imply that the learned chancellor intended to decide that the general equity of the wife to a support out of marital property originally hers, extended to such property which the husband had already reduced to possession, as well as to that

which lay in action only; so as to authorize her to file a bill to protect the property actually in the possession of an improvident husband against him and his creditors. But from the reference to that case in his commentaries it is evident that the language used in the reported decision on that subject was only intended to be applied to the wife's property in action, so far as the question of her general equity merely is concerned. (2 *Kent's Comm.* 2d ed. 141.) There is another class of cases, however, and the case of *Udall* v. *Kenney,* (3 *Cowen's Rep.* 590,) belongs to that class, where this court may interfere in behalf of the wife or her children, and take from the husband not only the property in action which he has acquired by the marriage but also that which he has reduced to possession, for the purpose of securing a suitable provision for the wife herself and also for the issue of the marriage. But these are cases where the husband has married a ward in chancery, without the consent of those who by law are entrusted with the protection of her property and her rights. In such cases as the husband is guilty of a contempt, and as the whole property of the infant feme covert is under the special protection of the court, the court itself even without the consent of the wife may, upon the application of any of her friends in her behalf, restrain the husband and his creditors from intermeddling with her estate until a proper settlement is made for the benefit of the wife and the issue of the marriage.

How far this court is authorized to interfere for the protection of the wife's equity in the marital property, not under the protection of this court, which the husband has not reduced to possession, does not appear to be fully settled. There appears to be no doubt, however, as to the power of the court to protect her equity in such property when the husband or his assignee is obliged to resort to this court for relief. (*Howard* v. *Moffat,* 2 *John. Ch. Rep.* 206.) The decisions, however, still leave the question in doubt how far this court can interfere, upon the application of the wife, to protect that species of property against the improvidence of the husband, where either he or his creditors can reach it without the aid of a court of equity; though Chancellor

Kent, as I think correctly, supposes that the court may interpose to protect the wife's right to a legacy or portion by will or inheritance, notwithstanding the husband has a remedy at law for the recovery thereof. And he says, "Perhaps chancery ought, on just principles, to restrain the husband from availing himself of any means, *either at law or in equity,* of possessing himself of his wife's personal property in action, unless he would make a provision for her." (2 *Kent's Comm.* 139, 141. 4 *Paige's Rep.* 64.)

In the case under consideration, however, with the strongest desire to protect, if possible, this unfortunate wife and her helpless children, who are about to be reduced to beggary in consequence of the improper conduct of an improvident and gambling husband and father, aided and encouraged perhaps in his vicious courses by those who are now about to take from the wife and children their only means of support, I have not been able to find any principle either of law or of equity which can authorize this court to interfere with the husband's legal estate, as tenant by the curtesy initiate in his wife's real property, so as to place it beyond his reach and the reach of his creditors. The general rule of law is well settled, that by the marriage the husband takes an immediate vested interest in his wife's freehold estate for their joint lives, at least, and an absolute right to all her personal property in possession, unless the same is in the hands of a trustee, or is protected by an antenuptial contract. The case of *Thomas* v. *Sheppard,* before the court of appeals of South Carolina, (2 *M'Cord's Ch. Rep.* 36,) is a direct decision upon the question now under consideration; and after a careful examination, I have not been able to find that any judicial tribunal has adopted or sanctioned a principle of equity which would necessarily lead to a different conclusion. The opinion of the learned commentator upon American law, who has carried the doctrines of the wife's equity as far as it had ever been supposed to extend by any judge who has preceded him, evidently is that it does not extend so far as to authorize a court of equity to seize upon property which formerly belonged to the wife, but in which the husband has, without fraud, obtained a vest-

ed legal interest in possession by virtue of his marital rights; unless he has forfeited his right by a breach of the marriage contract, so as to entitle the wife to a decree of separation. And as the whole doctrine of the wife's general equity depends upon a course of judicial precedents, I do not feel myself authorized to go beyond this plainly marked boundary, in a case where there is no pretence that the husband has been guilty of any act for which the wife intends to seek a dissolution of the marriage, or a judicial separation.

The injunction must therefore be dissolved.