Meehan *v.* Meehan.

---

NEW-YORK SPECIAL TERM, January, 1848.    *Hurlbut,* Justice.

## MEEHAN *vs.* MEEHAN.

After a decree for a separation has been obtained, by a wife, on a bill filed by her against her husband, the court has the power to protect her in the enjoyment of the fruits of her industry, and such property as she may derive by inheritance, or otherwise, subsequent to such decree.

Under the provisions of the statute respecting separations, or limited divorces, the court has authority to make a decree divesting the husband of all control over the property of the wife whenever, from the nature and circumstances of the case, such a decree would be just.

IN EQUITY. In this case the plaintiff procured a divorce *a mensa et thoro* from the defendant in March, 1840. In accordance with the decree a reference was made to a master to ascertain and report, what allowance should be granted to the plaintiff. The plaintiff now presented her petition, asking that

VOL. II.            48

she might be protected in the enjoyment of the avails of her industry, and that the sum of $1000 coming to her on the distribution of the estate of a deceased brother might be secured to her. The petition set forth that the defendant had never contributed any thing for the support of the petitioner, as directed by the decree, but that she had maintained herself and her two children, entirely by her own exertions; and that the defendant was a man of no means, and of depraved character.

*A. Boardman*, for the petitioner.

*F. S. Tallmadge*, contra.

HURLBUT, J. Since the decree for a separation in this case, the plaintiff has supported herself and two children, without any aid from the defendant. She appears to have acquired some property by her industry, and is entitled to receive one thousand dollars upon the distribution of the estate of her deceased brother. She now asks the protection of the court in respect to her right of property.

The defendant has never been required, under the decree, (on account of his poverty, as it is alleged,) to contribute any thing for the support of the plaintiff, or the children of the marriage; and the question now presented is, whether this court, upon a decree for a separation, can protect the wife in respect to the fruits of her industry, and such property as she may derive, by inheritance, or otherwise, after such decree. It is manifestly just that the prayer of this petition should be granted, and I believe that the legislature intended to confer upon this court the power which it is now asked to exercise.

It is provided by statute, (2 *R. S.* 148, § 52,) that upon decreeing a separation, the court *may make such further decree as the nature and circumstances of the case may require*, &c. Here, in addition to the decree for a separation, and for the support of the wife and children, is conferred in general terms an authority to make such *further decree* as may, in the circumstances of each case, be requisite and just.

In the case of an absolute divorce on the complaint of the wife, her rights of property are fully secured to her by the 44th section of the statute; but no such provision is contained in the statute regulating limited divorces. On the other hand, the article concerning divorces dissolving the marriage contract, confers no such general authority upon the court as that contained in the 52d section, in respect to limited divorces. We cannot suppose that the legislature employed the language of that section, without intending to confer upon the court a control over those rights of the parties which originated in the marriage contract; to such extent at least, as would enable the court to do justice between them. It seems to me that this statute confers upon the court authority to make a decree divesting the husband of all control over the property of the wife whenever, from the "nature and circumstances of the case," such a decree would be just.

The defendant has been decreed to be unfit to exercise any control over, or to cohabit with, his wife. He contributes nothing to her support, or to that of the children of the marriage. He performs no duty arising from the marriage contract; and he ought to be debarred from all rights arising from that contract. It is just and fit that the prayer of the petition should be granted.

Order accordingly.

