## GIBSON vs. GIBSON, imp.

ACTION FOR DIVORCE: OTHER RELIEF: PLEADING: PARTIES.   *(1) Two inconsistent forms of relief asked in complaint: how action regarded.  (2) Third party to action for divorce and alimony.   (3) Effect of husband's death or divorce on wife's ante-marital rights of action: Slander. (4) Equitable relief against third person in action for divorce, etc.*

1. Where the complaint states facts warranting a judgment for divorce and alimony, and not facts warranting an annulling of the marriage, and the prayer is for both forms of relief, the action is treated as one for divorce and alimony.
2. In an action by the wife for divorce and alimony, a third person may be made a party, where that is necessary in order to protect the right of the wife.   *Damon v. Damon,* 28 Wis., 510.
3. When a woman marries after bringing an action for slander, the right of action will survive to her in case of her husband's death, or in case of her divorce from him.
4. The complaint in an action for divorce and alimony makes X. a defendant, and alleges that plaintiff before her marriage had a valuable cause of action in slander against X.; that such action for slander was pending at the time of the marriage, and is still pending and undetermined; that the husband has willfully deserted her, refuses longer to provide for her and their child, and has no property; and that, in fraud of her rights, he has released or is threatening to release her right of action of slander to X., who is confederating with him for that purpose. Part of the relief sought is, that defendants may be restrained from taking any proceed-

ings in the slander suit until this action for divorce shall be determined, and that any release by the husband to X., of the right of action for slander, may be adjudged void by the judgment herein. *Held*, on demurrer by X., that there is a cause of action stated against him, and no misjoinder of causes.

RYAN, C. J., dissents from the judgment.

APPEAL from the Circuit Court for *Sauk* County.

Action by *Minnie Gibson* against her husband Sewell C. Gibson, for divorce, etc., on the ground of willful desertion; and the appellant, *Martin S. Gibson*, is also made a defendant. The case is thus stated by Mr. Justice TAYLOR:

The defendant *Martin S. Gibson* is made a party to the action for the following reasons, as stated in the complaint: "The plaintiff further shows, that at the time of her marriage, and prior thereto, she had a cause of action against the other defendant herein, *Martin S. Gibson*, who is the father of the said Sewell C. Gibson, for slander before then by the said *Martin S. Gibson* uttered and committed against this plaintiff, upon which an action had been commenced in the circuit court of the county of Sauk aforesaid, and was therein pending at the time of said marriage, as was well known to the said defendants at the time of said marriage; that the defendant in such action procured a change of venue of the same to the county of Monroe in this state, and the action was there tried, and this plaintiff recovered a verdict and judgment therein for the sum of two thousand dollars damages, which was afterwards reversed in the supreme court of this state upon appeal of the defendant therein, upon the ground that the husband aforesaid of this plaintiff should be made a party plaintiff with her in said action, and the cause was remanded to said circuit court of said county of Monroe for a new trial, where it is now pending; and that the defendant Sewell C. Gibson deserted and abandoned the plaintiff about six weeks after the time of her recovery of said judgment against said *Martin S. Gibson*.

" The plaintiff further shows that this right of action which she had as aforesaid against the said *Martin S. Gibson,* is all that she has besides her child and some few clothes, and. that the defendant Sewell C. Gibson is and always has been opposed to prosecuting said claim, and he will, if he can, deprive her of said claim, and, as the plaintiff is informed and believes, and thereupon charges the facts to be, the said Sewell C. Gibson, contriving and confederating with the said *Martin S. Gibson* how to injure, harass, oppress and defraud this plaintiff, has fraudulently released, assigned or discharged said claim, or will do so if not prevented or hindered by the order of this court; and they are now about to take control and management of the said action against *Martin S. Gibson,* and deprive the plaintiff of all management or control thereof — all to the end and for the sole purpose of depriving the plaintiff of all benefit and advantage that she may have or receive from having her right of action restored to her upon the dissolution of said marriage contract by the judgment and order of this court, and thus leave the plaintiff utterly destitute; that, although the said Sewell C. Gibson is without property, so far as is known to the plaintiff, yet, as the plaintiff is informed and believes, he is able to earn and contribute towards the maintenance and support of the plaintiff and their said child at least two dollars per week; and, according to the best of the knowledge, information and belief of this plaintiff, the defendant Sewell C. Gibson entered into said marriage contract without intending to live and stay with, or have the plaintiff as a wife; but, from the first and before said marriage, he intended to desert the plaintiff, and only live with her whilst said action of slander was undetermined, for the purpose of defeating said action and hindering the plaintiff in the prosecution thereof, and he has done all in his power to that end; and said marriage contract should be adjudged fraudulent and void for this reason; all of which was and is well known to the other defendant, *Martin S. Gibson.* The

plaintiff is now, and has been since said desertion, wholly dependent upon the charity of her friends for support, and she has no means whatever with which to prosecute this action."

The prayer for relief against the defendant *Martin S. Gibson* is as follows: "And that the other defendant, *Martin S. Gibson*, be restrained, prohibited and enjoined from moving in said action until the final decision of this action, and that up to such time of final decision herein, there be a stay of proceedings in said action of slander; . . . that the right of action aforesaid of this plaintiff, which she had and upon which suit was commenced and pending at the time of said marriage as aforesaid, be restored to her; and that any and all assignments, discharges and releases thereof, if any there be, from the said Sewell C. Gibson to the defendant *Martin S. Gibson*, or otherwise, be adjudged fraudulent and void, and that the same be vacated, set aside and annulled, to the end that the plaintiff be restored to her said right of action in all respects, the same as though she had never married, and remained a single woman."

*Martin S. Gibson* demurred to the complaint on the grounds, *first*, of a misjoinder of several causes of action; and *secondly*, of an insufficiency of facts to constitute a cause of action against him; and he appealed from an order overruling his demurrer.

*P. G. Stroud*, for the appellant, contended, 1. That from the relief demanded in the complaint it was doubtful whether this was an action for a divorce or to annul the marriage; and that if it was for the latter purpose, it was plain that no cause of action was stated against the appellant; since, if there was no marriage, Sewell C. Gibson could not control plaintiff's action for slander nor release her right of action. 2. That if there was a marriage, it might be true that after divorce plaintiff would have a right to prosecute the action for slander, in case it had not been released by the husband during coverture;

but that the court would have no power to restore to her her said right of action by decree in the divorce suit. In such actions the courts have no authority except what is conferred by the statute. *Barker v. Dayton*, 28 Wis., 367; *Bacon v. Bacon*, 43 id., 202. The right of action for slander is not property or estate *(Gibson v. Gibson*, 43 Wis., 33–35), and there is no provision of the statute authorizing the court to transfer it by decree. *Damon v. Damon*, 28 Wis., 510, merely determines that, in an action for divorce and alimony, a third person who is alleged to fraudulently hold *property* of the husband, may be joined as defendant to enable the court to enforce the wife's rights to alimony or to a portion of the husband's estate. 3. That it is not enough to charge a defendant with acting fraudulently, but, in order to state a cause of action against him, the complaint must allege facts showing fraud on his part. *Supervisors v. Decker*, 30 Wis., 624. The appellant must either litigate or settle the action against him for slander; and he has the right to do either. Sewell C. Gibson is the only person with whom he could settle, since, under the decision of this court, he had the right to prosecute or to discontinue it at his pleasure; and he could settle or discontinue with or without consideration, and without plaintiff's consent. 2 Kent's Com., 7th ed., 114. To charge him with having executed a release, and the appellant with having received it, is merely to charge each with having done what he had a right to do. There is no averment that he is not paid a full and fair consideration; nor is there any averment as to the time when the assignment or release was executed, or that prior to its execution appellant had any knowledge or notice of plaintiff's equitable rights, if she have any, or that she intended to claim or try to enforce them by bill of separation or otherwise.

For the respondent, there was a brief by *Rolla E. Noyes*, her attorney, with *S. U. Pinney*, of counsel, and oral argument by *Mr. Pinney*:

1. Suit on a wife's chose in action, if brought in the life-

time of the husband, must be brought in the name of both. If, however, the wife sues alone, she may recover unless her coverture is pleaded *in abatement*. *Milner v. Milnes*, 3 Term, 627; 3 Exch., 612; 13 C. B., 474. If the wife die pending an action by her husband and herself, for any tort committed either before or during coverture, and to which she was a necessary party, the suit will abate; and if the wife survive, any action for a tort committed to her personally before marriage will survive to her, and she may sue the wrongdoer as if she had never been married. 1 Chitty's Pl., 10th Am. ed., 75. So, of course, if the suit had been brought by her before marriage, and the husband died before trial or plea in abatement, she might prosecute it in the same manner as though no marriage had taken place. *Hake v. Fink*, 9 Watts, 336; *Hake v. Fink*, 6 id., 131–2. 2. By a divorce *a vinculo* the wife is placed in the same position as to her choses in action, whether *ex contractu* or *ex delicto*, as if her husband had died. *Browning v. Headley*, 2 Rob. (Va.), 371–2; *Wintercast v. Smith*, 4 Rawle, 177; *Wood v. Simmons*, 20 Mo., 363; *Hunt v. Thompson*, 61 id., 151; *Boykin v. Rain*, 28 Ala., 332; *Starr v. Pease*, 8 Conn., 541. See also *Capel v. Powell*, 112 E. C. L., 743; *S. C.*, 34 Law Jour., C. P., 168. 3. If plaintiff's right of action in the slander suit can be considered as property in any proper sense of the term, or as a substantial right, it can be enforced by a bill in her behalf; for her equity is precisely the same whether she is plaintiff or defendant. If it is a substantial right, it ought to be enforced in her favor whenever withheld from her. 2 Story's Eq., § 1414; *Haviland v. Bloom*, 6 Johns. Ch., 178; *Smith v. Kane*, 2 Paige, 303; *Udall v. Kenney*, 3 Cow., 590; *Osborn v. Morgan*, 41 Eng. Ch., 431. For applications of this principle to divorce suits brought by the wife, see *Renwick v. Renwick*, 10 Paige, 420, where the doctrine is laid down as applicable to all rights and choses in action on which actions during coverture must be brought in the name of the husband and wife jointly, but the right of ac-

tion would survive to the wife or her personal representatives, if not previously reduced to possession by the husband. See also *Van Duzer v. Van Duzer*, 6 Paige, 366; *Fry v. Fry*, 7. id., 461. It can make no difference that the cause of action is a mere *right in action*, as distinguished from a *thing in action*, nor that the realization of money on it is uncertain, or that the right of the plaintiff to it is contingent. Courts of equity grant injunctions to preserve and protect rights as well as things. It is common practice in case of a charge of breach of marital duty, warranting a divorce *a vinculo*, to suspend by order the marital rights of the husband. Injunctions against restraint or coercion of the personal liberty or freedom of action of the wife, orders in respect to the care and custody of children *pendente lite*, as well as to prevent the alienation by the husband of his property in order that provisions by way of alimony may be enforced, are matters of common practice. Kerr on Inj., 597; *Roberts v. Roberts*, 2 Cox, 422; *Flight v. Cook*, 2 Ves. Sr., 619; *Cadogan v. Kennett*, Cowp., 434–6; *Ellis v. Ellis*, 2 Cooper C. C., 234; *Osborn v. Morgan*, 9 Hare, 432; *Wilson v. Wilson*, Wright (Ohio), 129; *Edwards v. Edwards*, id., 308; *Ricketts v. Ricketts*, 4 Gill, 105; *Vanzant v. Vanzant*, 23 Ill., 536. And whether this right in action be regarded as belonging to the husband or wife, it is plainly *within the equity of the statute*. R. S. 1878, secs. 2364, 2371. Courts award alimony according to the *faculty* of the husband, his ability to earn or acquire property or obtain an income. 2 Bish. on M. & D., §§ 446–453; *Campbell v. Campbell*, 37 Wis., 218, 219. And when a court takes into consideration such contingencies and probabilities in fixing a gross sum, it seems unreasonable to maintain that it will allow the guilty party to deprive the wife of the proceeds of a *right* which is already vested, and in respect to which she is the meritorious cause of action; especially where, as in this case, the husband would not have been such, nor in a position to destroy this right of action, but for a meditated fraud on his part

in marrying the plaintiff only to escape the consequences of his own crime and condone his father's wrong, and then abandon her. 4. If the foregoing views are correct, the appellant is a necessary party to the action, the complaint states but one cause of action, and it shows ample grounds for the relief demanded against him as incidental and subsidiary to that demanded against the husband. *Damon v. Damon,* 28 Wis., 510.

TAYLOR, J. In the case of *Damon v. Damon,* 28 Wis., 510, this court held that, in an action for divorce by the wife, in which she claimed alimony from the husband, it was proper to make a party defendant, who knowingly and without consideration took a conveyance of the husband's property before the action was commenced, but after the cause of action accrued, for the fraudulent purpose of defeating a recovery of alimony in such action. This case establishes the rule for this court, that, in an action for divorce, a third person may be made a party to the action, when it is necessary in order to protect the rights of the wife, or to make a proper distribution of the property between the husband and wife; and that it is not sufficient to defeat the right of such joinder, to say that she might, after the judgment of divorce was obtained, maintain an action against such third person in order to obtain the same or similar relief.

The case at bar presents a case in which a court of equity would, upon the general rules applicable to equitable actions, interfere to prevent the fraudulent acts alleged to be contemplated by the defendants.

The plaintiff shows that she had a valuable cause of action in tort against the defendant *Martin S. Gibson,* which had accrued to her previous to her marriage with the defendant Sewell C. Gibson; that such action was and still is pending and undetermined; that Sewell C. Gibson, her husband, has willfully deserted her, and refused longer to provide for her as his wife; that he has no property out of which she can secure

any alimony or support for herself or child; that he is threat-ening, by virtue of his marital rights, to release her right of action to the other defendant, *Martin S. Gibson*, in fraud of her rights; and that this is threatened to be done after he has forfeited all his marital claims upon the property or rights of the plaintiff, by a willful abandonment of her and her child; and that the defendant *Martin S. Gibson* is confederating with him to effect such fraudulent purpose.

In actions for divorce commenced by the wife, it is the com-mon practice for the court to enjoin the husband from pro-ceeding in the collection of the choses in action belonging to the wife previous to his marriage.    This is done, not solely for the purpose of preserving a fund out of which alimony may be secured to her on the granting of a divorce, but also upon the ground that it would be inequitable and unjust to permit a husband, who had violated his marital obligations to sup-port and care for his wife, to make use of a right which came to him solely through his marital relations, to the injury of her estate.

In the case of *Van Duzer v. Van Duzer et al.*, 6 Paige, 366, cited in *Damon v. Damon, supra*, although the court held that a party who had obtained a judgment lien upon the prop-erty or estate of the wife which came to the husband by his marriage with her, previous to the husband's commission of any acts which would entitle the wife to a divorce, could not be restrained from such lien, it also held that if such lien had accrued after the husband had been guilty of an act which en-titled the wife to a divorce, her equity would be preferred to the lien of such judgment.    The learned chancellor, in his opinion in that case, says:

"Had the husband, therefore, before the recovery of the judg-ments, been guilty of any act which entitled the wife to a de-cree for a divorce or separation, and for support for herself and children out of his estate, and had this bill been filed for that purpose also, I should have found no difficulty in giving

effect to that prior equity against the general lien of the judgments, as well as against the acts of the husband himself.

"In such cases, this court considers the husband as having, by his misconduct and criminality, forfeited all equitable right to the wife's property which he acquired by virtue of his marriage, whether the same be in possession or action. And, upon the ground that she is in equity entitled to a restoration of the property, which he has forfeited by a willful breach of the marriage contract, the court may, upon the dissolution or permanent suspension of the marriage contract, restore the injured wife to the whole of her property which has not already passed into the hands of *bona fide* purchasers. Upon the ground, also, that her equitable claim relates back to the time of the commission of the offense which entitled her to a divorce, . . . the court may not only protect that equity against the husband himself, but also against all others, except *bona fide* purchasers or others who have obtained a specific lien upon the property without notice of her equitable rights and that she intends to enforce them by a bill for separation."

The same rule is laid down by Bishop in his work on marriage and divorce, § 299. See also *Foster v. Hall*, 2 J. J. Marshall, 546; *McCrocklin v. McCrocklin*, 2 B. Monroe, 370; *Kashaw v. Kashaw*, 3 Cal., 312.

It would be a reproach to a court of equity if it could not lay its restraining hand upon the unfaithful husband who, having violated his marriage contract, was yet making use of the same for the purpose of acquiring the possession and enjoyment of the property and rights of his wife, or who, from malice against the wife, or friendship towards a third person, should threaten to destroy her rights, or transfer her property to such third person, without any consideration.

The right of the plaintiff to maintain the action for slander against the defendant *Martin S. Gibson*, is one which survives to the plaintiff in case of the death of her husband, or in case of her divorce from him. This is not questioned by either

party, and the authorities cited by the learned counsel for the respondent fully establish that point.

But it is urged by the learned counsel for the defendants, that because this is a mere right of action for a wrong done by the defendant, it is not property in the ordinary sense in which that word is used, and that therefore the circuit court, in an action for divorce, has no power to interfere with the husband in any disposition he may see fit to make of such right.

Suppose this right of action was for an injury to the plaintiff's person, by which she had lost an arm or had been otherwise maimed for life, and the person charged with the commission of the injury was abundantly able to pay any judgment for damages which might be recovered in the action, and the husband of the plaintiff, after having violated his marriage contract, should, for the purpose of depriving her of the benefits of such action, and for the purpose of getting a small sum for himself, threaten to compromise the claim with the person who committed the injury: would the court be powerless to prevent such wrongful acts, which might deprive her from recovering several thousand dollars? It is admitted that, under the same circumstances, the court could and would interfere to prevent the husband from collecting a promissory note for ten dollars, which came to his possession from the wife by reason of his marriage. The statement of the question shows the absurdity of an affirmative answer.

We are satisfied that no distinction should be made on account of the nature of the claim which the court is called upon to protect for the wife. If the claim or right is a valuable one, and upon which the wife may recover damages more or less, it should be protected against the acts of a husband whose sole right to the same depends upon the marriage contract, which right he has forfeited by a breach thereof which entitles the wife to a divorce.

It is urged that, admitting the right of the wife as against

the husband, yet there is nothing in the complaint to justify the court in restraining the defendant *Martin S. Gibson;* that the court could fully protect the plaintiff by simply enjoining the husband from releasing such cause of action, and from intermeddling in the prosecution of the same against the defendant *Martin S. Gibson.* It is possible that such an injunction might have been sufficient to protect the plaintiff, had she known that no release had been given by the husband to the defendant *Martin.*

This she does not know, and has no means of knowing. She alleges in her complaint that the defendant *Martin* is confederating with her husband to defeat her action, and that she believes that he has released or will release the cause of action; and she further alleges that, if it is so released or shall be hereafter released, it is or will be done fraudulently, and for the purpose of injuring her in her rights. Upon these allegations it seems to us that the case comes within the rule recognized in *Damon v. Damon, supra.*

The defendant *Martin* admits, for the purpose of his demurrer, the truth of all the allegations in the complaint; he admits the confederating, and that he either has obtained a release of the cause of action against him, or intends to get such release from the other defendant, in fraud of her rights. And the answer of the defendant Sewell C. Gibson does not expressly deny, either that he has given the release, or that he intends to give one. If, therefore, it should turn out, upon a trial of this action, that a release has been given by the defendant Sewell C., the plaintiff has the right in this action to have such release set aside, if she can prove that the same was made in fraud of her rights. She is entitled to know what the fact is, before she shall be compelled to proceed to the trial of her action of slander against the defendant *Martin*, in which the production of such a release by the defendant might be fatal to her action.

It seems to us that there is no hardship in compelling the

defendant *Martin* to answer the complaint in this action, and to disclose whether he has or has not obtained a release of the cause of action in the slander suit. If he shall answer and expressly deny that he has obtained any such release, he will be in a more favorable position to ask the court not to restrain him from bringing the slander suit to a hearing; and it may then be proper for the court to consider whether the rights and interests of the plaintiff can be fully protected without such restraint.

It is also urged that this is an action to annul the marriage between the plaintiff and Sewell C. Gibson, and not an action for a divorce, and that therefore there is no reason for interfering with the prosecution of the slander suit; for if there never was a lawful marriage, a release given by Sewell C. Gibson would not bind or prejudice the plaintiff.

We are of the opinion that the facts set out in the complaint do not form a basis for a judgment annulling the marriage, and that it must be treated as a complaint for a divorce and alimony. The facts alleged are sufficient to justify the court in giving a judgment of divorce, and are entirely insufficent to justify a judgment annulling the marriage; and as the prayer for relief is for a divorce and alimony as well as for a judgment declaring the marriage void, the complaint must be held to be a complaint for that relief which the facts set forth in the complaint show the plaintiff is entitled to.

*By the Court.* — The order of the circuit court is affirmed.

RYAN, C. J., dissents.