FRANCIS DELAFIELD and Others, Plaintiffs, v. JAMES
BRADY and Others, Defendants.

*Conveyance of land by a wife, living apart from her husband under a decree of a
court of chancery — section 28 of 2 Revised Statutes (6th ed.), 1145, relative to
acknowledgments by married women, is not applicable — by whom an objection to
the sufficiency of the acknowledgment must be taken.*

February 17, 1834, a decree was entered in an action for a separation, brought in
the court of chancery by Rosanna S. Pool against her husband, which directed
that "all authority and control of the defendant over the person and estate,
present or future, of the said complainant, should cease and be forever
divested and null. That all the estate, right and title, interest, claim and
demand whatsoever of the said defendant, his heirs, executors, administrators
or assigns, of, in, and to the property, estate, real and personal, choses in
action or earnings belonging to, or which shall or may come, descend to,
or accrue or be vested to or in the said complainant, shall also cease, be
divested and become and continue forever null and void, in the same manner as
if the said parties had never been married." The plaintiffs in this action claimed
title to certain real estate, conveyed to the said Rosanna on March 28, 1842,
making such claim under a deed executed by her on March 16, 1846, while her
husband was alive, the certificate of acknowledgment to which did not
state that she had acknowledged it on a private examination, apart from
her husband, and executed it freely, without any fear or compulsion by him,
as required by section 28 of 2 Revised Statutes (6th ed.), 1145.

*Held,* that the fact that the wife was living apart from her husband, under the
said decree, rendered the said statute inapplicable to her case, and that no
such separate acknowledgment was required.

That, as the statutory provision was made for the exclusive benefit of the wife,
objections to the sufficiency of the acknowledgment could only be taken by
the wife or persons claiming under her, and not by strangers to her title.

Motion by the defendants for a new trial upon exceptions ordered
to be heard in the first instance at the General Term.

*John Townshend,* for the defendants.

*Herbert B. Turner,* for the plaintiffs.

Daniels, J. :

The action was ejectment to recover the possession of two lots of
ground, situate at the corner of Fifth avenue and One Hundred
and Nineteenth street, in the city of New York. The plaintiffs
derived their title through a deed executed by Rosanna Seaman

Pool to Edwin A. Johnson, on or about the sixteenth of March, in the year one thousand eight hundred and forty-six. She was at the time of the execution and delivery of this deed the wife of Charles Pool, but the certificate of its acknowledgment did not state that she had acknowledged it on a private examination apart from her husband, and executed it freely without any fear or compulsion of him, as that was provided for by the statute of the State, at that time in force (2 R. S. [6th ed.], 1145, § 28), and which continued to be the law until it was repealed by chapter 300 of the Laws of 1880. But before this deed was either executed or acknowledged, an action had been prosecuted by her against her husband, in the Court of Chancery, for a separation, and that action resulted in a decree in her favor on the 17th of February, 1834. By that decree it was directed that "all authority and control of the said defendant over the person and estate, present or future, of the said complainant, do cease and be forever divested and null. That all the estate, right and title, interest, claim and demand, whatsoever, of the said defendant, his heirs, executors, administrators or assigns, of, in and to the property, estate, real and personal, choses in action or earnings belonging to or which shall or may come, descend to, or accrue or be vested to, or in the said complainant, Rosanna S. Pool, shall also cease, be divested and become and continue forever null and void in the same manner as if the said parties had never been married."

As the law at that time stood, this direction was within the power and authority of the Court of Chancery, for the statute had provided that in decreeing a separation between a husband and his wife the court might make "such further decree as the nature and the circumstances of the case may require." (3 R. S. [6th ed.], 158, § 67.) And that has been held to authorize such a direction as was made by the vice-chancellor in this decree (*Van Duzer* v. *Van Duzer*, 6 Paige, 366, 368), where it was held that "the court may, upon a dissolution or permanent suspension of the marriage contract, restore to the injured wife the whole of her property which has not already passed into the hands of *bona fide* purchasers." (Id., 368.) And this rule was followed in *Meehan* v. *Meehan* (2 Barb., 377), and *Holmes* v. *Holmes* (4 id., 297).

The property conveyed by this deed was within the terms, as well as the protection of this provision of the decree, for her title

was acquired to it by a conveyance to her on or about the 28th of March, 1842, and from it, and from all interest in it, or control over it, the husband of this grantor was consequently excluded. It had become her property in the language of the decree, in the same manner as if these parties never had been married, and that entitled her to dispose of the property the same as though she had been in fact a *feme sole.*

The object of the statute requiring the acknowledgment of a deed executed by a married woman to be made on a private examination, apart from her husband, was to ascertain the fact that the deed was executed without any control or compulsion on his part. It was enacted for the protection solely of the wife, and in place of the more cumbrous and complicated proceeding, by fine or recovery sanctioned and sustained by the common law. In those cases care was taken to obtain precisely such an acknowledgment, from the wife before they could be rendered effective in the disposition of her property. And where that acknowledgment was in that manner obtained, the common law permitted the conveyance of her property. This was changed in this State as early as the year 1771, and since that time this proof and separate examination before the officer taking the acknowledgment was substituted and continued until it was finally dispensed with by the act of 1880. (*Albany Fire Ins. Co.* v. *Bay*, 4 Comst., 9, 13, 15.)

The reason of the statute, therefore, was applicable only to cases where the wife, at the time of the execution of the deed, was subject, or might be subject, to the control or compulsion of her husband. It did not reach or include a case where the wife had been permanently separated from him by the interposition of the courts under the authority of the statute, for there she could not be subject to his power or control, or stand in fear of him, and she would not be within the mischief intended to be provided against by this enactment of the statute. And not being within the mischief or reason of the act, she would not be within the act itself, although the language was broad enough to include this specific case. This statute, and that relating to the power of the court over the property and earnings of the wife through a decree of separation, may well be considered together, for by the authority which the Legislature conferred upon the Court of Chancery, the wife was capable of

being wholly relieved from the control, fear or influence of her husband, and in the disposition of her property invested with the powers of an unmarried female. The effect of the exercise of this authority was so far to remove the restraints of her marriage and to relieve her from its consequences and effects, and from that time to create her, for the purposes of the acquisition, enjoyment and disposition of property, an unmarried woman, and thereby to take her out of the requirements of the statute, providing for this private examination apart from her husband.

A point similar to this was considered in *Taylor* v. *Meads* (34 Law Jour. [N. S. Chy.], 203), and it was held that where property is separately secured to the wife, free from the control of her husband, she may dispose of it by deed or will as though in fact she was *sole* and unmarried. And *Pride* v. *Bubb* (L. R., 7 Chy. App., 64) sustains the same view. It was one of the purposes of the decree to place the grantor in this deed in this precise relation to the property which might be acquired by her after the entry of the decree. That was conclusive between herself and her husband, and persons claiming under her, for it completely annulled and obliterated his authority over her and the property so acquired by her. She was no longer within the spirit or design of the statute, requiring a private examination apart from her husband, but under the other provision of the statute she was given the same rights of acquisition, enjoyment and disposition of her property, as though in fact she was unmarried, and that empowered her to execute and deliver the deed without complying with the formality; that she executed it freely and without any fear or compulsion of her husband. The fact appeared, from the circumstance that she did so execute the deed, for she was living separately and apart from her husband with this dominion secured to her over her property, and it would have been the merest form imaginable to require from her the statement that she, in fact, did execute the conveyance freely and without any fear or compulsion of her husband. The facts themselves conclusively exhibited that to be the case, and her conveyance should not be permitted to be defeated because a formal and useless certificate of the fact was not also appended to the deed.

This provision of the statute was made for the exclusive benefit of the wife to prevent her from being controlled in the disposition

of her property, by her husband, and secured to her the right of acting with complete and perfect freedom in the disposition of her property rights. And if she did not, but on the contrary acted under the compulsion of her husband, it' was for her benefit that the provision was made that her estate should not pass without this acknowledgment. She, and those claiming under her, might, where this certificate was required to be made, and not in fact made, reclaim or recover the property, attempted to be conveyed without it. But neither of the two defendants, against whom the verdict was directed, stand in this relation to this property. The defendant Brady, who was in its possession, was there under a lease executed to him by John Townshend on the 15th of July, 1874. The only title which the lessor appears to have acquired was by virtue of a deed executed to him by Bushnell Stevens on the 30th day of October, 1868. The grantor in this deed is not shown to have acquired any right or interest to the property under Mrs. Pool, or any party claiming to derive title through her deed or otherwise. The other defendant, Lockwood, was made a party as a claimant in reversion, or by way of remainder under the authority of section 1503 of the Code, and had no greater interest. He derived his title in part under a deed executed to him by William A. Cunningham on the 21st of November, 1882, and in part under Robert L. Roe, the grantee of John Townshend. These parties were all strangers to the title, apparently claiming the property adversely to it, and they were, therefore, not in a position to object that Mrs. Pool had not parted with her title to the property by the deed executed and delivered by her, and for a valuable consideration to Johnson. They stood in no privity with her or with either of the persons through whom the plaintiffs derived their title to this property, and were not in a condition to defeat that title by means of this informality, if in fact it was such, in the execution and delivery of this deed. The law certainly will not tolerate a mere stranger, without right, in seizing and taking possession of the property of others where his power to do so is exclusively dependent upon a mere informality in the legal title to which no person through whom it has been derived, or through whom it may have passed, has presented the slightest objection. As long as no actual claimant of the title, representing the person executing the deed,

without strict conformity to the law, denies the right of the grantee, mere strangers should be precluded from presenting the objection.

It is not important to inquire for the complete disposition of this motion, whether the will, which was executed in January, 1859, by Mrs. Pool, became a legal instrument for the disposition of the title to any of her real estate, for it is sufficient for the disposition of this case that the deed executed by her was operative and effectual as a conveyance of the title to the land in controversy. The motion made for a new trial should be denied and judgment directed in favor of the plaintiffs upon the verdict.

DAVIS, P. J., and BRADY, J., concurred.

Motion denied and judgment ordered for plaintiffs on verdict.