Francis Delafield et al., Respondents, *v.* James Brady et al , Appellants.

In an action for a limited divorce, a decree of separation was granted in 1834, by the terms of which the husband was divested of all authority and control over the person and estate of the complainant, the same "as if the said parties had never been married." In 1846 she executed a deed of certain of her real estate, the acknowledgment of which did not contain the statement required by the Revised Statutes in case of an acknowledgment by a married woman, to wit: "On a private examination, apart from her husband, that she executed such conveyance, freely, and without any fear or compulsion of her husband." (1 R. S. 758, § 10.) In an action by parties claiming under the deed to recover possession of said real estate, *held*, that the deed conveyed a good title to the land ; that by the decree the grantor was taken out of the operation of the statute and could acknowledge a deed conveying her real estate as if she were unmarried; that as the court had jurisdiction to make the decree of separation, it could not be assailed collaterally ; if too broad, it could only be corrected by application to the court or on appeal.

(Argued February 8, 1888; decided February 28, 1888.)

Appeal from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made January 8, 1886, which overruled exceptions taken by defendants on the trial, denied a motion for a new trial, and ordered judgment for plaintiffs on the verdict. (Reported below, 38 Hun, 404.)

The nature of the action and the facts are sufficiently stated in the opinion.

*John Townshend* for appellants. Notwithstanding the decree of separation, Mrs. Poole continued a married woman. Her deed to Johnson not having been acknowledged by her as a married woman was void, and plaintiffs took no title. (1 R. S. 758, § 10 ; *Albany Ins. Co.* v. *Bay*, 4 N. Y. 9, 15 ; Co. Litt. 351 ; *Yale* v. *Dederer*, 18 N. Y. 270, 278.) Even if the deed from Fisher to Mrs. Poole had conveyed the land for her sole use she could not have conveyed without following the requirements of the statute. (*Yale* v. *Dederer*, 18 N. Y. 270, 271 ; 1 R. S. 736,

§ 117.) The court cannot disregard the express language of the statute. (*Engle* v. *Fischer*, 102 N. Y. 403, 404; *Bertles* v. *Nunan*, 92 id. 165; *Hawley* v. *James*, 16 Wend. 178.) The object of a statute, requiring the separate examination of a wife to be taken by a judicial officer, to be certified by him in a particular form, and to be recorded in the registry of deeds is two-fold, not only to protect the wife by making it the duty of such an officer to ascertain and certify she has not executed the deed by compulsion of her husband or in ignorance of its contents, but also to facilitate the conveyance of estates of married women. (*Lawrence* v. *Heister*, 3 H. & J. 371–377; *Hitz* v. *Jenks*, 123 U. S. R. 303; *Cruger* v. *Jones*, 18 Barb. 467; *Douglas* v. *Cruger*, 80 N. Y. 19; *Chamberlain* v. *Spargur*, 86 id. 607; *Barrere* v. *Barrere*, 4 Johns. Ch. 187.) No decree in an action for a limited divorce could change or divest the estates which Mr. and Mrs. Poole had in these lands. (2 R. S. 147, § 54; *Davis* v. *Davis*, 75 N. Y. 227; *Griffen* v. *Griffen*, 47 id. 138; *Kamp* v. *Kamp*, 59 id. 219; *Erkenbrack's Case*, 96 id. 465; *Ramsden's Case*, 91 id. 283.) The action for separation being statutory, the court is not at liberty in such an action to exercise its equity powers. (*Davis* v. *Davis*, 75 N. Y. 227; *Van Duzer* v. *Van Duzer*, 6 Paige, 366; *Mehan* v. *Mehan*, 2 Barb. 377; *Holmes* v. *Holmes*, 4 id. 297.) The doctrine of equity known as "the wife's equity" does not entitle her to convey her realty without the formalities required of a married woman. (Clancy on Rights of Married Women, 287, 447; *Kenny* v. *Udall*, 5 Johns. Ch. 447, 464; *Yale* v. *Dederer*, 18 N. Y. 268.)

*Herbert B. Turner* for respondents. The rule of the English law which prevented a *feme covert* from conveying her land in any other manner than by fine and recovery never obtained in this state. (*Jackson* v. *Gilchrist*, 15 Johns. 115; *Meriam* v. *Harsen*, 2 Barb. Ch. 232; *Kelly* v. *McCarthy*, 3 Bradf. 7; 2 R. S. 343, § 24.) The earliest adjudications of the colony and state of New York recognized the principle a that married woman might convey her own lands by deed,

though her husband's concurrence was supposed to be necessary thereto, but it has been decided that it was not, and never had been, necessary for the husband to join. (*Albany Fire Ins. Co.* v. *Bay*, 4 Comst. 9; affirming, 4 Barb. 407; *Savage* v. *Crill*, 80 N. Y. 630; affirming, 19 Hun, 6.) The decree made by the vice-chancellor, in the suit brought by the wife against her husband for a separation, dispensed with the necessity of a private examination apart from her husband. (4 Greenl. Cruise, 20, note 1; 2 R. S., tit. 1, chap. 8, art. 4, § 54; *Meehan* v. *Meehan*, 2 Barb. 377; *Holmes* v. *Holmes*, 4 id. 297; *Van Duzer* v. *Van Duzer*, 6 Paige, 366; *Renwick* v. *Renwick*, 10 id. 425; 9 Mod. Rep. 43, 44; *Haviland* v. *Bloom*, 6 Johns. Ch. 178.) All Mrs. Poole's property, and all rights connected therewith, became vested in her, as did also all the property which she might subsequently acquire, as she did the land in question eight years later. It became then her "separate estate." (*Albany Fire Ins. Co.* v. *Bay*, 4 Comst. 9; *De Pienes* v. *Thorn*, 4 Bosw, 293; 1 Co. Litt. [Thomas ed.] 132, note *n*; *Dean* v. *Richmond*, 5 Pick. 461; 4 Greenl. Cruise, 20, note 1; *Pride* v. *Bubb*, L. R., 7 Ch. App. Cas. 69; *Cooper* v. *Macdonald*, L. R., 7 Ch. Div. 296; *Noble* v. *Willock*, L. R. 8 Ch. App. Cas. 787; *Willock* v. *Noble*, L. R., 7 H. of L. 590; *Fettiplace* v. *Gorges*, 1 Ves., Jr. 48; Bispham Prin. of Eq. 101; *Taylor* v. *Meads*, 34 L. J. Ch. 203; 11 Jur. N. S. 166 · 4 De G., J. & S. 597; *Hall* v. *Waterhouse*, 5 Gif. 64.)

EARL, J. This action was brought to recover two lots of land in the city of New York, and upon the trial the court directed the jury to find a verdict in favor of the plaintiffs. The lots were, in 1831, the property of Charles Poole, who, with his wife, in July of that year, conveyed them to John Fisher, the father of Mrs. Poole. In February, 1834, Mrs. Poole, in an action against her husband in the Court of Chancery, obtained a decree of separation from him, and in the decree it was ordered, adjudged and decreed that "the complainant and defendant be separated from bed and board

forever; that all authority and control of the said defendant over the person and estate, present and future, of the said complainant do cease and be forever divested and null; that all the estate, right and title and interest, claim and demand whatsoever of the said defendant, his heirs, executors, administrators or assigns, of, in and to the property, estate, real and personal, choses in action, or earnings belonging to or which shall or may come, descend to or accrue or be vested to or in the said complainant, Rose Hannah S. Poole, shall also cease, be divested and become and continue forever null and void, in the same manner as if the said parties had never been married."

In March, 1842, John Fisher conveyed the two lots to Mrs. Poole, and in March, 1846, she executed a conveyance of the lots to Edwin A. Johnson by a deed conceded to be in all respects adequate and sufficient to convey the title, if properly acknowledged. It was acknowledged by her as if she were a *feme sole*, the certificate of acknowledgment not reciting that the acknowledgment was made apart from her husband upon a private examination; and the plaintiffs derived title to the premises through several mesne conveyances from Johnson. In January, 1849, Mrs. Poole executed a paper purporting to be her last will and testament, by which she, in terms, devised the residue of her real estate to Richard Fisher, and she died October 13, 1849. Richard Fisher, for the purpose of confirming the title conveyed by Mrs. Poole, executed in 1884, a conveyance of the lots to the plaintiffs, and they, therefore, claim title to the lots in question both under the deed and under the will of Mrs. Poole. The claim of the defendants is that the deed was inoperative because it was not properly acknowledged, and that the will was inoperative because at the time she made it she was a married woman.

We are of opinion that the title of the plaintiffs under the deed from Mrs. Poole is valid, and it is, therefore, unnecessary for us to consider the force and effect of the title derived under the will. It was provided in the Revised Statutes, which were in force at the time of the execution of the deed

by Mrs. Poole to Johnson, that "the acknowledgment of a married woman residing in this state to a conveyance purporting to be executed by her, shall not be taken unless in addition to the requisites contained in the preceding section she acknowledge, on a private examination apart from her husband, that she executed such conveyance freely and without any fear or compulsion of her husband; nor shall any estate of any such married woman pass by any conveyance not so acknowledged." The plain purpose of this provision of the statute was to protect a married woman against the coercion or improper influence of her husband, and to furnish evidence that she executed the deed subscribed by her freely and without any fear or compulsion of her husband. This case is, therefore, not within the purpose of the statute. Mrs. Poole was living separate and apart from her husband, and by the decree of separation was entirely freed from his control. She was for most purposes practically a *feme sole*, not entitled to the protection of her husband nor subject to his dominion.

It was provided in the Revised Statutes that, upon decreeing a separation, the court "may make such further decree as the nature and circumstances of the case may require, and may make such order and decree for the suitable support and maintenance of her children, or any of them, by the husband, or out of his property, as may be proper and just." It has been held that, under this section, power was vested in the court to provide by the decree of separation that the wife should be vested with the control of her own property, and that the husband should have no rights or interest therein or control thereof. (*Meehan* v. *Meehan*, 2 Barb. 377; *Holmes* v. *Holmes*, 4 id. 297; *Van Duzer* v. *Van Duzer*, 6 Paige, 366; *Renwick* v. *Renwick*, 10 id. 425; *Haviland* v. *Bloom*, 6 Johns. Ch. 178.) Whether the broad terms of the decree granted to Mrs. Poole, as respects her property rights, were strictly regular or not, it is certain that the court had jurisdiction to make the decree, and that it cannot be assailed collaterally as absolutely void. If the decree was too broad, it could be corrected only by application to the court or by appeal from its decision.

Under such circumstances, it would have been quite an idle, useless ceremony to require a private examination of Mrs. Poole, and an acknowledgment that she executed the deed freely and without any fear or compulsion of her husband. It is a fundamental rule that statutes should be so construed as to give effect to the purpose of the law-makers. Statutes framed in general terms frequently embrace things which are not within the intent of the law-makers, and sometimes things within such intent are not within the letter. Hence, in construing statutes, it has frequently been held that a thing which is within the letter of a statute is not within the statute unless it be within the intent of the law-makers. (*People* v. *Utica Ins. Co.*, 15 Johns. 358; *Jackson* v. *Collins*, 3 Cow. 89; *Lake Shore & Mich. So. R. R. Co.* v. *Roach*, 80 N. Y. 339.)

We are, therefore, of opinion that, in consequence of the decree separating Mrs. Poole from her husband, she was taken out of the operation of the statute above referred to, and that she could acknowledge a deed conveying her real estate as if she were unmarried. The reason of the statute ceased to apply to her, and while she was still a married woman, and within its letter, she ceased to be a married woman within its spirit and meaning. Her deed was, therefore, effectual to convey her title to the real estate, and a verdict was properly directed in favor of the plaintiffs.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.