## In re Le Roy's Estate.

### (Surrogate's Court, New York County.   May 17, 1889.)

EXECUTORS AND ADMINISTRATORS—APPOINTMENT—BOND.

Code Civil Proc. N. Y. § 2645, provides that "an executor from whom a bond is required, as prescribed in this article, or an administrator with the will annexed, must, before letters are issued to him, qualify as prescribed by law, with respect to an administrator upon the estate of an intestate; and the provisions of article fourth of this title, with respect to the bond to be given by the administrator of an intestate, apply to a bond given pursuant to this section." Section 2667 (contained in article 4) provides that where all the next of kin of the intestate consent thereto the penalty of the bonds required shall not exceed twice the amount of the claims against the estate, except that no bond shall be for less than $5,000, and that, pending an application for such bond, no temporary administrator shall be appointed, except on petition of the next of kin. *Held,* that the above provision of section 2667 does not apply to an administrator with the will annexed, as in that case the next of kin may have no interest in the matter.

*A. S. Murray,* for petitioner.

RANSOM, S.   The residuary legatees under the will of the decedent have made application for letters of administration, with the will annexed, and seek to avail themselves of that part of section 2667 of the Code of Civil Procedure which provides for the reduction of the bond to be given thereunder to an amount not exceeding twice the amount of claims of creditors, but not less than $5,000.   The applicants are those who would be entitled to his personal estate as his next of kin in the absence of a will.   Section 2645 of the Code of Civil Procedure, which prescribes the bond to be given by an executor or administrator with the will annexed, declares: "An executor from whom a bond is required, as prescribed in this article, or an administrator with the will annexed, must, before letters are issued to him, qualify as prescribed by law, with respect to an administrator upon the estate of an intestate; and the provisions of article fourth of this title, with respect to the bond to be given by the administrator of an intestate, apply to a bond given pursuant to this section, except that, in fixing the penalty thereof, the surrogate must take into consideration the value of the real property, or of the proceeds thereof, which may come to the hands of the executor or administrator by virtue of any provision contained in the will."   The method of qualification prescribed and the provisions referred to in the foregoing section are found in section 2667 of the Code.   The two sections mentioned were enacted together, and they continued unchanged until the year 1881, when the latter was amended in a particular not relevant to the present inquiry, and again amended in 1882.   This last amendment was made by chapter 398 of Laws of 1882.   It is as follows: In cases where all the next of kin to the intestate consent thereto, the penalty of the bond required to be given shall not exceed twice the amount of the claims of creditors, against the estate, presented to the surrogate, pursuant to a notice to be published twice a week for four weeks in the state paper, and in two newspapers published in the city of New York, and once a week for four weeks in two newspapers published in the county where the intestate usually resided, and in the county where he died, reciting an intention to apply for letters under this provision, and notifying creditors to present their claims to the surrogate on or before a day to be fixed in such notice, which shall be at least 30 days after the first publication thereof; but no bond so given shall be for a less sum than $5,000; and such bond may be increased by order of the surrogate for cause shown.   Pending such application, no temporary administrator shall be appointed, except on petition of such next of kin."

It is claimed that this statement, as well as the part of the section to which it was added, is by section 2645 made applicable to the case of an administrator with the will annexed.   In ascertaining the effect or scope of statutes, it

is a fundamental rule that they should be so construed as to effectuate the purpose of the law-makers. Hence, in construing a statute, it has frequently been held that the thing which is within the letter is not within the statute, unless it be within the intent of the law-makers. *Delafield* v. *Brady*, 108 N. Y. 529, 15 N. E. Rep. 428. The construction that is reasonable should be adopted in all cases where there is doubt or uncertainty in regard to the intention of the law-makers. *People* v. *Lacombe*, 99 N. Y. 49, 1 N. E. Rep. 599; *Mayor, etc.*, v. *Railroad Co.*, 1 N. Y. Supp. 397; *Weiler* v. *Newbach*, 47 Hun, 168. In view of the rules of construction stated in these cases, a reasonable interpretation would restrict the application of the provisions in question to the case where an administrator of the estate of an intestate is appointed.

If the contention of the applicant is to prevail, the effect will be not only to make the provision in question applicable to cases of the character of that under consideration, but also to those cases where the bonds provided for in sections 2671, 2816, and 2818 are required to be given. Section 2671 provides that a temporary administrator must qualify as prescribed in article 4 of this title, with respect to an administrator in chief. The title referred to contains the section under consideration. Section 2816 exacts from a trustee, to prevent his removal in a proceeding brought in pursuance of section 2815, such a bond as is provided for in section 2645. Section 2818 directs that the successor of a trustee who has been removed or discharged must, in the particular case therein provided for, qualify in the manner prescribed by law for the appointment and qualification of an administrator with the will annexed.

Further, the amendment in question contains the provision: "Pending such application, no temporary administrator shall be appointed, except on petition of such next of kin." If the amendment, taken in connection with section 2645, has the broad application claimed for it, note the result. A will is admitted to probate, and an application is made under the provision in question for letters of administration with the will annexed, the case not being one where letters testamentary could be issued. Delay is occasioned in the issuance of the letters by reason of the mere pendency of the application, or because of the existence of a controversy over the right of the applicant to the letters. The interests of the estate require the appointment of a temporary administrator in the mean time. Section 2668 empowers a creditor or person interested in the estate to make application for the appointment of a temporary administrator. Yet the language quoted from the section under consideration confines the right to make such application in the case supposed to the next of kin of the decedent, who have no interest in the matter, and denies such right to the legatees and others who have, including the applicant for the letters himself. It thus appears that the effect of the interpretation contended for by the applicant would be to practically place estates of any magnitude at the mercy of those having no interest whatever in their proper management or administration. Such interpretation I cannot accept. There is no lack of authority for the conclusion that an amendment of the character now being considered has not the effect claimed for it by the applicant. *Knapp* v. *City of Brooklyn*, 97 N. Y. 520. It is impossible for me to concur in the view expressed respecting the same question by the learned surrogate in the case of *Curtis* v. *Williams*, 3 Dem. Sur. 63. Application denied.